# Pure Oil Company *v.* Terry.

*Replevin—Use of goods from the issuance of the writ to the actual taking of the goods—Set-off—Bond.*

In an action upon a replevin bond, a set-off cannot be claimed for use by the defendants of their own goods during the time that such goods were voluntarily left in their possession from the issuance of the writ to the actual taking of the goods by the plaintiff in the replevin.

*Practice, C. P.—Affidavit of defense—Amount admitted to be due—Act of July 15, 1897, P. L. 276.*

In an action on a replevin bond where the affidavit of defense admits that the goods were of a value stated, but claims a set-off which is not a valid set-off, a judgment may be entered for the admitted value of the goods on a rule to show cause why judgment should not be entered for the sum stated in the affidavit "the amount admitted to be due."

Argued Dec. 13, 1900. Appeal, No. 231, Oct. T., 1900, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1900, No. 903, making absolute a rule for judgment for want of a sufficient affidavit of defense, in case of Pure Oil Company v. Howard Terry, Assignee, and the Real Estate Trust Company of Philadelphia. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a replevin bond.

From the record it appeared that the suit was brought against Howard Terry, assignee for the benefit of creditors of the Pennsylvania Oil Company, and the surety on the bond, the Real Estate Trust Company. In the statement of claim it was averred that the goods replevied were of the value of $2,000. Defendants filed an affidavit of defense in which they stated that the value of the goods was $1,212.18, but they claimed $1,140 as a set-off for the use of the goods by the defendant in the replevin, during the time that the goods were voluntarily left in the possession of the defendant in the replevin from the issuance of the writ to the actual taking of the goods by the plaintiff in the replevin. On October 3, 1900, plaintiff entered the following rule: "Rule on defendant to show cause why judgment should not be entered for the sum of $1,212.18, the amount admitted to be due in their affidavit of defense, with leave to proceed as to the balance."

338          PURE OIL CO. *v.* TERRY.

Statement of Facts—Opinion of the Court.  [16 Pa. Superior Ct.

The court made the rule absolute.

*Error assigned* was the order of the court.

*Henry C. Terry,* for appellants.—Judgment should have been entered only for the amount actually admitted to be due : Act of May 31, 1893, P. L. 185; Meyers v. Cochran, 33 W. N. C. 250 ; Reilly v. Daly, 159 Pa. 605 ; Roberts v. Sharp, 161 Pa. 185.

*Thomas Earle White,* for appellee.

OPINION BY RICE, P. J., February 14, 1901 :

After final judgment for the defendant in an action of replevin, the latter brought this action upon the replevin bond, alleging that the value of the goods was $3,500.   The defendants alleged in their affidavits of defense that their value was $1,218.18, against which they claimed a set-off amounting to $1,140 for the use of the property from the date of the issuance of the writ of replevin to the date when the plaintiff in that writ (an assignee for benefit of creditors) took possession of and sold them.   That this was not a valid set-off is manifest. The defendant in the replevin incurred no liability for the use of its own goods during the time they were voluntarily left in its possession.   A good cause of action being sufficiently set forth in the statement of claim, and no other defense being alleged, it follows that the plaintiff was entitled to judgment for the admitted value of the goods with the right to proceed for the recovery of the balance of the claim : Act of July 15, 1897, P. L. 276.   But it is urged that the plaintiff was not entitled to have such judgment entered on the rule taken.   We are unable to sustain this contention.   The plaintiff moved for judgment for the specific sum mentioned in the affidavits of defense.   The defendants were called upon to show cause why judgment should not be entered for that sum.   Therefore, although in the rule to show cause the words " the amount admitted to be due," etc., were added, the defendants had ample notice that they would be called upon to meet the question of the sufficiency of the affidavits of defense as to that portion of the plaintiff's claim.   If the defendant admits a portion of the plaintiff's claim, specifying the amount or the items, and claims

a set-off which is clearly invalid, or admits the facts essential to the establishment of that portion of the claim but denies their legal effect, we cannot say that a rule to show cause in the form followed in the present case is wholly inappropriate to raise the question of the sufficiency of the affidavit to prevent judgment for the sum specified. Perhaps the added words, " the amount admitted to be due," were superfluous, but we cannot say they were misleading. Therefore, the court committed no error in making the rule absolute.

The plaintiff's motion for the allowance of an additional attorney's fee, etc., under the Act of May 19, 1897, P. L. 72, is overruled.

Judgment affirmed.